[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Quark Expeditions, Inc. (Quark), Shanchen Francis Ting, and Pac Co. of New York, Inc. (PAC), have filed motion # 101 to "dismiss and strike" the complaint filed against them by the plaintiff, Capitol Risk Concepts, Ltd.[1] The motion is denied.
The first ground for the motion is a claim that a prior action by the same plaintiff against the same defendants was dismissed for dormancy and never reopened. This present action, however, is a new action and not an attempt to reopen the prior action. Thus, the defendants' motion to dismiss on this basis is denied.
The defendants Ting and PAC also assert that they are non-residents of this state and have insufficient contact with Connecticut for the courts of this state to have jurisdiction over them. These two defendants are authorized to file a motion to dismiss on this ground to be claimed for the miscellaneous or special proceedings calendar. A motion based on the nonapplicability of this state's long-arm statutes for individuals and foreign corporations requires a trial-like hearing to take evidence on the contacts those parties had with this state.
The claim that this present action should be dismissed CT Page 7038 because of a prior pending action is denied as the case in New York does not have the same parties nor seek the same relief.
The plaintiff has chosen this forum, the defendant Quark's corporate headquarters is in this state and hence the motion to dismiss on forum non conveniens grounds is denied.
The claim that the complaint should be stricken "because it fails to state a claim upon which relief can be granted" is denied as the complaint asserts causes of action in breach of contract and interference with business relationships, both of which are cognizable causes of action in this state.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of June, 1999.
William B. Lewis, Judge